UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIRRANO SHENZUL ADDERLEY,

      Plaintiff,

  v.                            Case No.  2:26-cv-00572-JES-DNF

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Defendant,

_____

**OPINION AND ORDER**

Petitioner Sirrano Shenzul Adderley has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Upon review, the Court must dismiss the petition for lack of subject matter jurisdiction.

When he filed the petition, Adderley was being held at Florida Soft Side South Detention Facility (Alligator Alcatraz) in Ochopee, Florida. (Id. at 1).[1] As grounds for relief, Adderley states only that:

> I was badly mistreated & sexually harass[ed] by same gender as me 11-27-2023 that I was

---

[1] Subsequent to Adderly filing this petition, mail marked "Return to Sender Refused Unable to Forward" was returned to the Court. (Doc. 6). A search of the Immigration and Customs Enforcement (ICE) Online Detainee Locator System does not show Adderley as remaining in ICE custody. See https://locator.ice.gov/odls/#/search. Moreover, Adderley did not pay his $5 habeas filing fee or move to proceed as a pauper. Given that the Court will dismiss the petition because it lacks jurisdiction to consider it, see discussion infra, it will not order Adderley to show cause why the petition should not also be dismissed as moot or for failure to prosecute.

> forced to be removed[d], now I'm trying to reopen the case.
>
> Asylum/Crisis of Relief.

(Doc. 1 at 6).  Thus, it appears that a final order of removal has been entered in this case.

Congress has removed habeas corpus jurisdiction from the district courts when a claim relates to the execution of a final order of removal.  To the extent Petitioner asks the Court to reopen his removal proceedings, such a ruling from this Court would interfere with the validity of a final order of removal.  And "rulings that affect the validity of the final order of removal merge into the final order of removal for the purposes of judicial review."  Nasrallah v. Barr, 590 U.S. 573, 582 (2020).  Challenges such as the one Adderley makes here must be filed in the appropriate court of appeals.  See  8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal ... under any provision of this chapter.").

"Section 1252(g) is unambiguous: it bars federal courts' subject-matter jurisdiction over any claim for which the 'decision or action' of the Attorney General (usually acting through subordinates) to commence proceedings, adjudicate cases, or execute removal orders is the basis of the claim."  Gupta v. McGahey, 709 F.3d 1062, 1065 (11th Cir. 2013).  Thus, if Adderley

does not obtain relief from the immigration courts or before the Board of Immigration Appeals, he may seek judicial review of his final removal <u>only</u> in the appropriate appellate court.

Accordingly, it is **ORDERED**:

1.    Sirrano Shenzul Adderley's petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.

2.    The Clerk of Court is **DIRECTED** to terminate any pending motions or deadlines, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on March 24, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE